Staples, J.,
delivered the opinion of the court.
The defendant was convicted in the hustings court of this city of retailing ardent spirits without a license, and a fine of one hundred dollars assessed against him by the jury. The judge of that court, in addition to the fine, sentenced him to imprisonment in the city jail for thirty days. The defendant applied for and obtained a writ of error from this court.
The offence with which he is charged was committed in the months of May and June, 1877.
At that time the registers known as the “Moffett registers,” provided for by the act of March 30th, 1877, had not been supplied to the city of Eichmond. The evidence shows this was-not done until the 11th of September last.
*854 Under the act of 1875 and 1876, a person selling ardent spirits without a license was liable to a fine upon conviction, but not to imprisonment. The latter punishraenf was first imposed by the act of March 30th, 1877, as amended by the act of April 2d, 1877. The question now presented is, whether the defendant is liable to the increased punishment prescribed by the last named act, or whether he is simply amenable to the act of 1875 and 1876.
~We are opinion that the additional penalty imposed by the “Moffett register” act applies only to those who violated the peculiar provisions of that act. The offence of selling without license was designed to be of a graver character when thus committed than it was under previous statutes. The advocates of the Moffett register indulged in very sanguine expectation's as to the amount of revenue it would furnish if the law was properly executed. The legislature determined it should be so executed, and with that view they added the punishment of imprisonment to the offence of selling without license. It is very true that the act of March 30th was declared to be in force from its passage. This, however, was only because it was impossible to foresee at what time the registers would be supplied to the different cities and counties in the state, and because it wras necessary that persons obtaining license under the act of 1875 and 1876, before the registers were supplied by the auditor, should do so subject to the provisions of the act of March 30th, 1877.
By the sixth section of that act it was provided, that until the auditor of public accounts is prepared to put the act into operation in any of the counties, cities or towns of the Commonwealth, license shall be granted to applicants according to the provisions of the license' law now in force, or as it may hereafter be amended, but subject, *855 nevertheless, to the provisions of this act. “And it was further provided by the same section that as soon as the auditor was prepared to issue the registers to any county, city or town, the same shall be issued, and thereupon the licensed dealer shall be subject to all the provisions of this act.” Had the defendant, in May or June, applied for a license, he must have applied under the act of 1875 ■and 1876, because the registers were not then ready and could not be supplied to liquor dealers; it is the act of 1875 and 1876, therefore, which the defendant has violated, and to that act we must look to determine his punishment.
As the act of March 30th, 1877, could not practically be enforced until the auditor was ready to furnish the registers, it is clear that the increased penalties imposed by that act ought not to be enforced at an earlier period. It is manifest that such was the intention of the legislature, and such plainly is the rule of justice and humanity. We are therefore of opinion, that in this case the defendant is not liable to the imprisonment imposed upon him by the hustings court.
All that the defendant is liable for is the fine assessed by the jury and the costs of the prosecution.
We are of opinion, there is no other error in the judgment of the hustings court. The demurrer to the indictment was properly overruled upon the authority of the case of Sledd v. Commonwealth, 19 Gratt. 813-818. The points arising in that case are not precisely the same as in this, but the reasoning of the court and the conclusions arrived at cover all the grounds of objection urged here. The other errors relied upon by the counsel for the defendant have been considered and disposed of in the case of Helfrick v. Commonwealth, and need not be again discussed.
*856 So much of the judgment as imposes imprisonment upon the defendant in the city jail is reversed, and the-residue affirmed.
Judgment reversed.